UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELMIRA YOUNG,

                                  CIVIL CASE NO. 06-12269

                Plaintiff,

v.                                 HONORABLE PAUL V. GADOLA
                                       U.S. DISTRICT JUDGE

KELLY RAMSEY,

                Defendant.
_____/

**ORDER**

On May 18, 2006, *pro se* Plaintiff Elmira Young filed a complaint, an application to proceed in forma pauperis ("IFP"), and an application for appointment of counsel. Before examining each of Plaintiff's filings, the Court notes that Plaintiff indicated on her application to proceed IFP that she was a "petitioner" seeking to instigate a "New Case" in a "Habeas Action." After a review of the record, the Court finds no indication to support that she is, in fact, a prisoner seeking habeas relief. Therefore, the Court considers her application to be, instead, an IFP request in this "New Case" of a "Nonprisoner Action." The Court will now examine each filing, beginning with Plaintiff's application to proceed IFP.

**1. Plaintiff's Application to Proceed In Forma Pauperis**

This Court first considers Plaintiff's application to proceed IFP under 28 U.S.C. § 1915. Plaintiff has submitted an affidavit regarding her inability to pay the filing fee, noting that she has

no income, no depository accounts of any kind, nor any assets of value.[1] Based on the information provided, submitted under the penalty of perjury, the Court determines that Plaintiff is sufficiently indigent to proceed without prepayment of filing fees.

**2. Plaintiff's Application for Appointment of Counsel**

This Court next considers Plaintiff's request for appointment of counsel. A request for appointment of counsel in a civil action is not satisfied by indigence alone. As the Sixth Circuit has noted, "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F.2d 601, 605-06 (6th Cir. 1993) (internal quotations and citations omitted). After an examination of Plaintiff's complaint and her application for the appointment of counsel, the Court finds that Plaintiff does not present any such exceptional circumstances that would justify such a privilege. Indeed, Plaintiff fails to make any showing of the necessity of appointed counsel. Therefore, in light of the standard required in *Lavado*, and after examining the complaint and the filings to date, the Court does not find the exceptional circumstances necessary to warrant the appointment of counsel and consequently will deny her request.

**3. Plaintiff's Complaint Examined under 28 U.S.C. § 1915(e)(2)**

Finally, the Court turns to examine Plaintiff's complaint. Her complaint, even though she is not a prisoner, is examined under 28 U.S.C. § 1915, *Floyd v. U.S. Postal Serv.*, 105 F.3d 274 (6th Cir. 1997), and more specifically, must be screened pursuant to § 1915(e)(2). *See Benson v.*

---

[1] This Court notes that Plaintiff's assertion in her request for IFP that she has no monthly income is contrary to Plaintiff's application for appointment of counsel in which she claims that she receives monthly social security payments of an unspecified amount.

*O'Brian*, 179 F.3d 1014, 1017 n.2 (6th Cir. 1999) ("screening pursuant to § 1915(e)(2) should be triggered by the filing of a request for leave to proceed in forma pauperis."); *see also id.* at 1015-16 ("Congress directed the federal courts to review or 'screen' certain complaints *sua sponte* and to dismiss those that failed to state a claim upon which relief could be granted, that sought monetary relief from a defendant immune from such relief, or that were frivolous or malicious."). Under the screening procedures of § 1915(e)(2), Plaintiff is not entitled to any notice from the Court of its intention to dismiss, *sua sponte*, the civil action and is not entitled to an opportunity to show cause why the action should not be dismissed. *Id.*

Section 1915(e)(2), the screening provision of the federal IFP statute, provides:

[T]he court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or

    (B) the action or appeal--

        (i)    is frivolous or malicious;

        (ii)   fails to state a claim on which relief may be granted; or

        (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

Upon review of the complaint in this civil action, the Court will dismiss this civil action pursuant to § 1915(e)(2)(B)(ii) (failure to state a claim on which relief may be granted).

The complaint, consisting of two handwritten pages, along with the two page "Civil Cover Sheet" relates, apparently, to some unspecified and undated State of Michigan "parental

termination" proceedings. The complaint, without setting forth any legal basis, seeks relief in the form of Plaintiff getting "her children back," and "1 million dollars in damages." Plaintiff, again without clarifying or substantiating her allegations, claims that Defendant Ramsey, referred to as a "crook" akin to Plaintiff's "drug abusive mother," delayed Plaintiff's trial, chose the judge that would hear Plaintiff's case, and picked a new father for her children. Even if everything Plaintiff says is assumed to be true, it is unclear what justiciable claim Plaintiff is attempting to present to this Court. Therefore, because Plaintiff fails to state a claim on which relief may be granted, this Court must, under § 1915(e)(2), dismiss the case *sua sponte*. *Benson*, 179 F.3d at1015-16.[2]

**ACCORDINGLY, IT IS HEREBY ORDERED** that the application to proceed without prepayment of fees [docket entry 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the application for appointment of counsel [docket entry 3] is **DENIED**.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), this civil action, no. 06-12269, is **DISMISSED WITHOUT PREJUDICE.**

**SO ORDERED.**

Dated:   July 25, 2006                          s/Paul V. Gadola
                                                HONORABLE PAUL V. GADOLA
                                                UNITED STATES DISTRICT JUDGE

---

[2] This Court notes that a similar, and apparently related case, was also filed by Plaintiff on the same date as the instant action. That case, *Young v. Lacey*, no. 06-12268(E.D. Mich. May 18, 2006), was assigned to Judge Lawrence P. Zatkoff. Judge Zatkoff promptly dismissed that action on May 26, 2006, on similar grounds as this Court now dismisses Plaintiff's complaint.

Certificate of Service

I hereby certify that on ⎯⎯July 25, 2006⎯⎯ , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯Elmira Young⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ .

        s/Ruth A. Brissaud⎯⎯⎯⎯⎯⎯⎯⎯
        Ruth A. Brissaud, Case Manager
        (810) 341-7845